UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLIANCE DEVELOPMENT, INC., And JAMES E. GALLOWAY, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Civ. No. 4:11-CV-03234 |
| ST. PAUL MERCURY INSURANCE COMPANY, et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Dismiss or, Alternatively, For More Definite Statement and Brief in Support ("Motion") (Doc. No. 9). After considering the Motion, all responses and replies thereto, and the applicable law, the Court concludes that the Motion must be **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

The Court previously outlined the facts in this case in its prior Memorandum and Order denying the Motion to Remand (Doc. No. 16). The Court will review the facts briefly here. Alliance Development, Inc. ("ADI") and James E. Galloway ("Galloway") (collectively, "Plaintiffs") brought this lawsuit in state court against St. Paul Mercury Insurance Company ("Mercury"), St. Paul Fire and Marine Insurance Company ("Marine"), and James E. Hamel ("Hamel") (collectively, "Defendants"), seeking declaratory judgment and damages for libel. (Doc. No. 1-3, First Am. Pet. ¶¶ 1-17.) Plaintiffs are residents of Harris County, Texas. (*Id.* ¶ 2.) Mercury is a foreign insurance

1

company and Marine is a foreign corporation; both are licensed to do business in the State of Texas. (*Id.* ¶¶ 5-6.) Hamel is a resident of Dallas County, Texas. (*Id.* ¶ 7.) Defendants removed on the ground that Hamel had been fraudulently joined and, thus, there was complete diversity. (Doc. No. 1, Defendants' Notice of Removal ¶ 12.)

According to Plaintiffs, they executed an indemnity agreement ("the Indemnity Agreement") in favor of Mercury in order to facilitate Mercury's issuance of performance and payment bonds for the benefit of Alliance Construction, Inc. ("ACI"). (First Am. Pet. ¶ 8.) Plaintiffs state that the Indemnity Agreement outlined that, under certain circumstances, the indemnitors might provide collateral to Mercury to secure payment to Mercury of any losses it might have on bonds issued with ACI as principal. (*Id.*) It was allegedly agreed in the Indemnity Agreement that, as a condition precedent to Mercury's right to request Plaintiffs to provide collateral, a loss reserve for a claim on a bond issued for ACI's payment or performance obligations would be established. (*Id.*)

In early 2008, Plaintiffs explain, Mercury informed Plaintiffs that it might be called upon to honor a bond issued on behalf of ACI with respect to a project in Harris County, Texas for which Stewart Builders, Inc. claimed to be an unpaid subcontractor of ACI ("Stewart Claim"). (*Id.* ¶ 9.) Mercury had apparently issued a payment bond for the project at ACI's request. (*Id.*) In demanding collateral, Mercury fraudulently claimed that it had established a loss reserve for the Stewart Claim in the amount of approximately $591,000. (*Id.*) However, Plaintiffs explain, they believed the request for collateral was premature and refused to post it. Plaintiffs argue that Hamel, Mercury's lawyer, fraudulently filed a Uniform Commercial Code financing statement ("UCC-1"). (*Id.* ¶ 10.) The UCC-1 lists Marine as the secured party, even though Plaintiffs had never been

2

an indemnitor of Marine, been indebted to Marine, executed any document reflecting they were a debtor of Marine, or ever had a security agreement with Marine. (*Id.*)

According to Plaintiffs, they did not discover the UCC-1 until the fall of 2010, when ADI was attempting to close a real estate transaction. (*Id.* ¶ 11.) Although ADI successfully closed its transaction, Galloway, in contrast, had his loan applications rejected due to the existence of the UCC-1. (*Id.*) Plaintiffs sought, under Texas' Uniform Declaratory Judgments Act, a declaration that the UCC-1 is void, illegal, and of no legal force and effect. (*Id.* ¶ 14.) In addition, Plaintiffs insist that the UCC-1 "constitutes an ongoing libel of the credit of ADI and Galloway" and thus seek damages. (*Id.* ¶ 17.)

Plaintiffs sought remand on the grounds that Hamel was a non-diverse party. The Court denied the Motion to Remand, finding that Hamel had been fraudulently joined, and dismissed Hamel from the case. Defendants now bring this Motion to Dismiss, arguing that Plaintiffs fail to state a claim either for declaratory judgment or for libel.

## II.   LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)).

### III.   ANALYSIS

Plaintiffs bring two claims, one for libel and the other for declaratory judgment. The Court concludes that the libel claim does not survive the Motion to Dismiss. However, the Court declines to dismiss Plaintiffs' declaratory judgment claim.

#### A.  Libel

By statute, Texas law defines "libel" as "a defamation expressed in written or graphic form that tends to blacken the memory of the dead or that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or

4

to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury." Tex. Civ. Prac. & Rem. Code Ann. § 73.001. *See also Marx v. Electronic Data Systems Corp.*, No. 07-08-0022-CV, 2009 WL 1875505, at *8 (Tex.App.-Amarillo June 30, 2009, no pet.) (citing *Austin v. Inet Technols., Inc.*, 118 S.W.3d 491, 496 (Tex.App.-Dallas 2003, no pet.); *Cecil v. Frost*, 14 S.W.3d 414, 417 (Tex.App.-Houston [14th Dist.] 2000, no pet.)) ("A statement is defamatory if the words tend to injure a person's reputation, exposing the person to public hatred, contempt, ridicule, or financial injury."). To prevail on a claim for defamation, a plaintiff must show: (1) the defendant published a statement of fact, (2) the statement was defamatory, (3) the statement was false, (4) the defendant acted negligently in publishing the false and defamatory statement, and (5) the plaintiff suffered damages as a result. *Skipper v. Meek*, No. 03-05-00566-CV, 2006 WL 2032527, at *5 (Tex.App.-Austin July 21, 2006, no pet.) (citing *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). "In a defamation action, the initial question whether the words used were reasonably capable of a defamatory meaning is a question of law to be decided by the trial court." *Id.* (citing *Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d 653, 654 (Tex. 1987)). "Only when the court determines the language is ambiguous or of doubtful import should the jury then determine the statement's meaning." *Musser*, 723 S.W.2d at 655.

This Court should construe the allegedly defamatory statement "as a whole in light of the surrounding circumstances based on how a person of ordinary intelligence would perceive the entire statement." *Marx*, 2009 WL 1875505, at *8 (citing *Musser*, 723 S.W.2d at 654; *Cecil*, 14 S.W.3d at 417). "A statement may be false, abusive, unpleasant, or objectionable to the plaintiff but not be defamatory in light of the surrounding

circumstances." *Id.* (citing *Columbia Valley Regional Med. Ctr. v. Bannert*, 112 S.W.3d 193, 198 (Tex.App.-Corpus Christi 2003, no pet.)). The plaintiff's opinion has no bearing on whether the words or statements are actually defamatory. *Id.* (citing *Houseman v. Publicaciones Paso del Norte, S.A. DE C.V.*, 242 S.W.3d 518, 524 (Tex.App.-El Paso 2007, no pet.)).

"A statement is defamatory if it tends to injure the person's reputation, exposing the person to public hatred, contempt, ridicule, or financial injury, or if it tends to impeach that person's honesty, integrity, or virtue." *Means v. ABCABCO, Inc.*, 315 S.W.3d 209, 214 (Tex.App.-Austin 2010, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 73.001; Restatement (Second) of Torts § 559 (1977)). "A communication that is merely unflattering, abusive, annoying, irksome, or embarrassing, or that hurts only the plaintiff's feelings … is not actionable." *Id.* (citing *H.O. Merren & Co., Ltd. v. A.H. Belo Corp.*, 228 F.Supp. 515, 517 (N.D. Tex. 1964), *aff'd*, 346 F.2d 568 (5th Cir. 1965); *Rawlins v. McKee*, 327 S.W.2d 633, 635 (Tex.Civ.App.-Texarkana 1959, writ ref'd n.r.e); 1 Robert D. Sack, *Sack on Defamation* 2-12 (3d ed. 2009)). Indeed, "[t]o be defamatory, a statement should be derogatory, degrading, and somewhat shocking, and contain 'element[s] of personal disgrace.'" *Id.* (quoting Sack, *Sack on Defamation* 2-17). "[E]xercising a legal right is not defamatory as a matter of law." *Associated Press v. Cook*, 17 S.W.3d 447, 456 n.8 (Tex.App.-Houston [1 Dist.] 2000, no pet.). Further, "[i]f the reader must struggle to see how and whether the words defame, as a matter of law the words are not defamatory." *Skipper*, 2006 WL 2032527, at *5.

The UCC-1 is not reasonably capable of a defamatory meaning. It is not derogatory, degrading, or shocking, and does not contain elements of personal disgrace.

In light of the surrounding circumstances, a reasonable person would not attribute a defamatory meaning to the UCC-1. Therefore, Plaintiffs have not stated a claim for defamation.

### B. Declaratory Judgment

Defendants claim that this court should dismiss the declaratory judgment claim on the ground that it seeks resolution of matters that will already be resolved as part of the claims in the lawsuit. (Mot. Dismiss 5.) When a declaratory judgment action is filed in state court and then subsequently removed to federal court, the action is, in effect, converted into one brought under the federal Declaratory Judgment Act. *Fankhauser v. Fannie Mae*, No. 4:10cv274, 2011 WL 5600295, at *10 (E.D. Tex. Oct. 24, 2011). However, under the federal law, there is no rule against duplicative relief, as the Declaratory Judgment Act allows the court to enter a declaratory judgment "whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The Federal Rules of Civil Procedure make clear that a district court cannot decline to enter a declaratory judgment merely because of the 'existence of another adequate remedy.'" *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, No. H–05–3167, 2011 WL 480791, at *6 (S.D. Tex. Oct. 11, 2011) (quoting Fed. R. Civ. P. 57; citing *Marinechance Shipping Ltd. v. Sebastian*, 143 F.3d 216, 219 (5th Cir. 1998) ("Rule 57 of the Federal Rules of Civil Procedure expressly states that the availability of an alternative remedy does not prevent the district court from granting a declaratory judgment.")).

Defendants also insist that Texas law expressly authorizes Defendants' actions, and Plaintiffs have not demonstrated otherwise. (Mot. Dismiss 5.) When considering a declaratory judgment action, this Court must engage in a three-part inquiry. *Orix Credit*

*Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, this Court must determine whether the action is justiciable, which requires that there is an "actual controversy" between the parties. *Id.* (citing *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 27-28 (5th Cir. 1989)); *see also Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). Second, the Court must decide whether it has authority to grant declaratory relief. *Orix*, 212 F.3d at 895 (citing *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). Third, the Court must determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action. *Id.* (citing *Travelers Ins. Co.*, 996 F.2d at 778).

Under the first prong, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007). In other words, "the dispute must be definite and concrete, real and substantial, and admit of specific relief through a decree of a conclusive character." *Vantage Trailers, Inc.*, 567 F.3d at 748 (citing *MedImmune*, 549 U.S. at 127). "Declaratory judgments cannot be used to seek an opinion advising what the law would be on a hypothetical set of facts." *Id.* (citing *MedImmune*, 549 U.S. at 127). "At the same time, however, declaratory judgment plaintiffs need not actually expose themselves to liability before bringing suit." *Id.* (citing *MedImmune*, 549 U.S. at 127). The Court concludes that there is an actual controversy between the parties. Plaintiffs argue that the UCC-1 is void, illegal, and of no legal force and effect. The parties have adverse legal interests, and their dispute is sufficiently immediate. The Indemnity

8

Agreement[1] does not convince the Court that Plaintiffs have failed to state a claim that the UCC-1 is void, illegal, or of no legal force and effect.

Second, "a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under [the Anti-Injunction Act, 28 U.S.C. §] 2283." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 388 n.1 (5th Cir. 2003) (citing *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). As there are no parallel state proceedings, the Court has authority to grant declaratory relief.

Finally, the Court may exercise its discretion to dismiss the action, as the Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on the litigant." *Sherwin-Williams*, 343 F.3d at 389 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)) (quotations omitted). Indeed, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* The Fifth Circuit has delineated five non-exclusive factors that this Court should examine when determining whether to exercise its discretion to dismiss a declaratory judgment action: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the

---

[1] Documents a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referenced to in the plaintiff's complaint and are central to the claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). The Indemnity Agreement is central to Plaintiffs' claim and is referenced in their Amended Petition; therefore, the Court will consider it part of the pleadings.

defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

In this case, there is no pending state action in which all of the matters may be fully litigated; nor is the court being called to construe a judicial decree in a parallel state suit. Plaintiffs did not engage in forum shopping, and did not file the suit in anticipation of a lawsuit by Defendants. The Court knows of no possible inequities, nor any reason why the federal forum would be inconvenient for the parties or the witnesses. Balancing these factors, the Court concludes that it should decline to dismiss the declaratory judgment action.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part**.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 3rd day of February, 2012.

*[Signature: Keith P. Ellison]*

**KEITH P. ELLISON**
**US DISTRICT COURT JUDGE**